UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>             Plaintiff,<br><br>     v.<br><br>HARRIS, et al.,<br><br>             Defendants. | Case No. CV 18-9682-RGK (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.

## **PROCEEDINGS**

On November 16, 2018, plaintiff Immanuel Price, a California state prisoner proceeding pro se and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, plaintiff alleged staff at the California State Prison, Los Angeles County ("CSP-LAC") were deliberately indifferent to his health and safety. The Court ordered service of the Complaint on two defendants and gave plaintiff instructions for accomplishing service of process by the United States Marshal. On January 28, 2019, plaintiff filed a Notice of Submission

1

indicating that he had completed and returned a USM-285 form for each defendant as instructed by the Court.

Before service of the Complaint was effected, plaintiff filed a First Amended Complaint ("FAC") on March 4, 2019. On July 23, 2019, the Court found the FAC subject to dismissal in part, and granted plaintiff leave to file a Second Amended Complaint by August 21, 2019. Plaintiff did not file a Second Amended Complaint by that deadline, or at all.

After failing to receive a Second Amended Complaint or any other communication from plaintiff, the Court issued an Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute ("OSC") on November 26, 2019. Plaintiff was ordered to respond to the OSC by December 17, 2019, and show cause why the action should not be dismissed for failure to prosecute and/or comply with a court order. The Court gave plaintiff several options for responding to the OSC, including showing cause in writing why the action should not be dismissed, filing a Second Amended Complaint, filing a Notice of Intent Not to Amend FAC (which would result in a recommendation of dismissal of some defendants and leave plaintiff free to pursue his remaining claims against others), or filing a Notice of Dismissal of some or all defendants. The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC by the December 17, 2019 deadline as ordered, and has not filed a Second Amended Complaint. The Court has not received any response or other communication from plaintiff since March 4, 2019, when plaintiff filed the FAC.

//
//

## II.

## **DISCUSSION**

Since plaintiff has ceased complying with or responding to court orders, this case should be dismissed for failure to prosecute. When plaintiff failed to file a Second Amended Complaint by the August 21, 2019 deadline, the Court issued an OSC giving plaintiff an opportunity to show cause for his failure to prosecute, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to dismissal of this action without prejudice. Plaintiff failed to respond to the OSC by the deadline provided, or at all. Plaintiff's failure to file a Second Amended Complaint or to respond to the Court's OSC evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a Second Amended Complaint as directed and failed to respond in any fashion to the Court's November 26, 2019 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a

4

reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a Second Amended Complaint or respond to the Court's November 26, 2019 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) after plaintiff's deadline to file a Second Amended Complaint passed, waiting three months before issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; (2) in that OSC, giving plaintiff several options for how he could proceed, including filing a Second Amended Complaint, giving notice he was standing on the FAC, or dismissing those defendants found subject to dismissal and proceeding on the remainder of the FAC; and (3) waiting several months beyond the deadline to respond to the OSC before issuing this order. Plaintiff has not communicated with the Court in any fashion since March 4, 2019. Further,

5

dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: May 5, 2020

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE